UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **MARCUS CHRISTOPHER GASKINS,** | ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Case No. 18-cv-00997 (APM) |
| **KEVIN J. MCINTYRE, Chairman of the Federal Energy Regulatory Commission,** | ) ) ) ) |   |
| Defendant. | ) ) |   |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcus C. Gaskins has filed a motion for appointment of counsel. *See* Pl.'s Renewed Mot. for Ct.-Appointed Att'y, ECF No. 26 [hereinafter Pl.'s Mot.]. For the reasons explained below, Plaintiff's motion is denied without prejudice.

In determining whether to appoint counsel in a civil case, the court ordinarily would be guided by the factors set forth in Local Civil Rule 83.11(b)(3). But this case involves a claim of employment discrimination under Title VII, *see* Mem. to Parties, ECF No. 21, at 1–2 (Russell, J.) (construing Plaintiff's complaint to assert employment discrimination and retaliation claims under Title VII),[1] and therefore involves a slightly different standard, *Mokhtar v. Kerry*, 285 F. Supp. 3d 56, 57 (D.D.C. 2014); *see Willis v. FBI*, 274 F.3d 531, 532–33 (D.C. Cir. 2001). Title VII specifically provides that, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). The D.C. Circuit has directed that a request for counsel under this provision

---

[1] Plaintiff originally filed this case in the U.S. District Court for the District of Maryland. *See* Compl., ECF No. 1. On April 25, 2018, Judge George L. Russell, III, entered an order transferring the case to this jurisdiction. *See* Mem. to Parties, ECF No. 21.

requires trial courts to consider the following factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). Importantly, while the D.C. Circuit has recognized that Local Civil Rule 83.11 "differs only slightly from the *Poindexter* factors," *see Willis*, 274 F.3d at 533, the Circuit acknowledged in *Poindexter* that the relevant appointment provision under Title VII is "generally viewed as imposing a lesser burden on plaintiffs seeking appointment of counsel, both because of the specificity of Congress' action . . . and because this provision does not require that the plaintiff be a pauper," *see id.* (alteration in original) (quoting *Poindexter*, 737 F.2d at 1182 n.18).

The court begins with the first *Poindexter* factor—Plaintiff's ability to afford counsel. "In evaluating the plaintiff's ability to afford counsel, a court should not insist that a plaintiff be destitute, nor should it demand as substantial a showing as that required to proceed *in forma pauperis*." *See Poindexter*, 737 F.2d at 1186 (footnote omitted). Rather, as the Circuit explained in *Poindexter*: "Given Congress' concern about the financial burden resulting from attorneys' fees, appointment surely should not be refused because of a plaintiff's income or assets if payment of fees would jeopardize the plaintiff's ability to maintain the necessities of life." *Id.* Plaintiff's Renewed Motion provides little information about his present financial circumstances, except to say that he is "currently unemployed." Pl.'s Mot. at 1. Other docket entries, by contrast, suggest that Plaintiff may have some resources to secure counsel. In denying Plaintiff's motion for leave to proceed in forma pauperis, prior to his case's transfer, *see supra* note 1, Judge Russell held that, although Plaintiff indicated that he has substantial student loan debt and that his monthly income barely exceeds his monthly expenses, Plaintiff was not entitled to in forma pauperis status given

his monthly income of approximately $4,000 and other assets totaling $8,000. *See* Order, ECF No. 3. Thus, Plaintiff's precise financial circumstances are unclear. Nevertheless, for present purposes, the court will assume that there is at least some financial need. *Cf. Mokhtar*, 285 F. Supp. 3d at 58 (finding it unnecessary to evaluate the remaining *Poindexter* factors where the plaintiff's motion for appointment of counsel gave the court "no information from which to evaluate whether she [was] capable of affording counsel").

The remaining *Poindexter* factors, however, all weigh against the appointment of counsel at this early stage of the proceedings. First, as to the merits of Plaintiff's claims, his "chance of prevailing," *see Poindexter*, 737 F.2d at 1187, remains very much in doubt. Defendant has filed a Motion for Summary Judgment and, although Plaintiff has yet to file a response, Plaintiff would appear to face an uphill climb, at a minimum, in demonstrating that Defendant subjected him to an adverse action. *See* Def.'s Mot. for Summ. J., ECF No. 24, at 3–4. If Plaintiff survives summary judgment, the court might take a different view. *Cf. Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (in denying appointment of counsel, noting among other factors that the plaintiff's "claim ha[d] not yet withstood a motion to dismiss on substantive grounds or a motion to dismiss for summary judgment").[2]

Next, Plaintiff "has made no showing whatsoever with respect to whether [he] has made 'a reasonably diligent effort under the circumstances to obtain counsel.'" *Robinson-Reeder*, 626 F. Supp. 2d at 16 (quoting *Poindexter*, 737 F.3d at 1188); *see* Pl.'s Mot. at 1. Although a plaintiff

---

[2] The court notes that Defendant here filed a motion for summary judgment *before* filing an answer and thus before commencing discovery. That tactic, though unusual, is not improper. *See Parker v. U.S. Dep't of Justice*, 214 F. Supp. 3d 79, 85 (D.D.C. 2016). What that means, however, is that Plaintiff can defeat summary judgment simply by convincing the court that he needs to take discovery to adequately respond to Defendant's motion. To do so, Plaintiff must submit a declaration along with his opposition that requests relief under Federal Rule of Civil Procedure 56(d) and specifically states: (1) the particular facts he intends to discover and why those facts are necessary to the litigation; (2) why plaintiff could not produce those facts in his opposition; and (3) that the information is in fact discoverable. *See Crowley v. Vilsack*, 236 F. Supp. 3d 326, 331 (D.D.C. 2017) (citing *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99–100 (D.C. Cir. 2012)). If Plaintiff makes such a showing, summary judgment will be denied. *See id.* at 332.

3

need not "exhaust the legal directory before a court could appoint him an attorney," *Pointexter*, 737 F.3d at 1188 (internal quotation mark omitted), Plaintiff has not given any indication of any effort made towards securing counsel.

Finally, as to whether Plaintiff is unable to adequately present his case without counsel, Plaintiff does not make that claim. *See* Pl.'s Mot. Moreover, Plaintiff appears to have successfully navigated the administrative review process, *see* Notice to Court, ECF No. 27, at 1—no easy task—and has articulated at least part of the factual basis for his forthcoming opposition, *see id* at 2–3, giving the court reason to believe that he has the capacity to address the relatively uncomplicated legal and factual issues presented in this case. *Cf. Poindexter*, 737 F.2d at 1188–89. Plaintiff thus has not shown that court-appointed counsel is needed at this juncture to present his case.

In sum, after carefully reviewing the *Poindexter* factors and Plaintiff's motion, the court determines that appointment of counsel is not warranted at this time. The court is prepared to revisit this decision should this matter proceed to discovery or trial. Accordingly, Plaintiff's Motion for Appointment of Counsel, ECF No. 26, is denied without prejudice.

Dated: July 19, 2018

Amit P. Mehta
United States District Judge