UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS C. GASKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-00997 (APM) |
| KEVIN J. MCINTYRE, Chairman of the Federal Energy Regulatory Commission, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff Marcus Gaskins is a former engineering student intern at Defendant Federal Energy Regulatory Commission (FERC or Commission).[1] Def.'s Stmt. of Undisputed Material Facts, ECF 24-1 [hereinafter Def.'s Facts], ¶ 1. Plaintiff contends that the Commission discriminated against him on the basis of race (African-American) when it decided not to hire him following the end of his internship. Compl., ECF 1 [hereinafter Compl.], at 4, 10.[2] He also contends that the Commission retaliated against him for reporting his concerns to the Commission's Equal Employment Office. Compl. at 4. He seeks over $21 million in relief for these alleged violations. *Id*. at 6. The Commission responds that it was under no obligation to hire Plaintiff, that there was no open position for which he was qualified, and that in any event Plaintiff's poor performance justified not extending him a full-time position. Def.'s Mot. for Summ. J., ECF 24 [hereinafter Def.'s Mot.] at 3–6.

---

[1] The sole remaining defendant in this case is actually Kevin McIntyre in his official capacity as chairman of FERC. *See* Order, ECF No. 21. However, for ease of reference, the court simply refers to the agency as the defendant.

[2] The court uses CM/ECF-generated pagination when citing to the Complaint.

The court accepts as true all facts asserted by the Commission, as Plaintiff did not file a statement of genuine issues of fact in opposition to the Commission's motion. *See* Fed. R. Civ. P. 56(e)(2); LCvR 7(h)(1); *see also Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016). *See also* Fox Neal Order, ECF. No. 25 (explaining that the Commission's facts would be taken as true unless Plaintiff disputed them). For the reasons that follow, the court grants summary judgment in favor of the Commission as to all claims.

I.

The court first addresses Plaintiff's contention that his supervisors at the Commission discriminated against him by declining to "convert" him from intern to permanent employee. *See generally* Compl. The record is undisputed that, although Plaintiff was eligible to be hired full time when his internship ended, the Commission was under no obligation to do so. Def.'s Facts ¶ 5 ("Plaintiff's [internship] agreement . . . specif[ies] that 'eligibility for conversion does not guarantee the Agency will opt for conversion.'"). The Commission thus argues that, because Plaintiff was not entitled to a permanent position at FERC following his internship, it took no "adverse action" against him. Def.'s Mot. at 3–4. That argument, however, construes Plaintiff's claim too narrowly. Properly understood, his claim is for failure to hire, *see* Compl. at 4, and non-selection clearly constitutes an adverse action. The court therefore views Plaintiff's claim through that legal framework.

To make out a prima facie case for failure to hire under Title VII, Plaintiff must show that (1) he belongs to a protected class, (2) he applied to and was qualified for an available position, (3) he was rejected despite his qualifications, and (4) after his rejection, the position remained open and the employer continued to seek applications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1993); *accord Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149–50 (D.C.

Cir. 2004). At summary judgment, however, where an employer provides a non-discriminatory reason for its decision, "the question whether the employee actually made out a prima facie case is 'no longer relevant[.]'" *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008). Instead, the court must ask "whether the employee produced sufficient evidence . . . to find that the employer's asserted nondiscriminatory . . . reason was not the actual reason." *Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015) (internal quotation marks omitted). Here, the Commission provides two primary justifications for not hiring Plaintiff: (1) there were no available positions for engineers in Plaintiff's Branch, and (2) Plaintiff's poor performance record disqualified him had there been open positions. Because Plaintiff does not offer any evidence to contradict the first reason, the court need not reach the second.[3]

The Commission offers unrebutted evidence that there were *no* available engineering positions within Plaintiff's Branch at the time his internship expired, and that his supervisor informed Plaintiff of this fact. Def.'s Facts ¶¶ 14, 15; Def.'s Mot., Ex. 6, ECF No. 24-7. Moreover, the record shows that the Commission did not convert *any* interns to full-time positions within Plaintiff's office. Def.'s Facts ¶ 18; Def.'s Reply, ECF No. 36 [hereinafter Def.'s Reply] at 5. Plaintiff offers no evidence in response. His Complaint alludes to another intern, Ryan Stertz, who is white, and alleges that he was "converted" to a full-time position, *see* Compl. at 21–22, but mere allegations will not suffice to defeat summary judgment.[4]

---

[3] The court notes that, although the Commission now criticizes Plaintiff's performance, the letter Plaintiff received advising him of his non-conversion makes no mention of unsatisfactory work. *See* Def.'s Ex. 6. To the contrary, the letter notes that Plaintiff "received satisfactory performance ratings during [his] internship." *Id.*

[4] In his Complaint, Plaintiff also claims that Edward Gingold, an EEO counselor, "referred to [him] as a Negro." Compl. at 28. But Plaintiff offers no evidence to support this allegation. And, in any event, Plaintiff does not assert that the EEO counselor had anything to do with the decision not to convert him to a full-time position. Accordingly, such evidence, even if true, would not be material.

3

Accordingly, because Plaintiff has come forward with no evidence that would rebut the Commission's non-discriminatory reason for not converting him to a full-time position, judgment is entered in the Commission's favor on Plaintiff's disparate treatment claim.

II.

Next, the court turns to Plaintiff's claim of retaliation. *See, e.g.* Compl. at 4, 12. Once more, the Commission is entitled to summary judgment, as Plaintiff offers no evidence to rebut the agency's non-discriminatory reason for not converting him to a full-time position. Nor is timing on Plaintiff's side. Plaintiff filed his EEO complaint on August 12, 2013. Def.'s Facts ¶ 19. His supervisor informed him that he would not be converted to a full-time position on April 25, 2014. *See* Def.'s Ex. 6. Thus, over nine months passed between Plaintiff's protected activity and the claimed adverse action. This is simply too long a period to provide a reasonable inference of discrimination. *Cf. Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007) ("Temporal proximity can indeed support an inference of causation, but only where the two events are 'very close' in time.") (internal citations omitted); *Singletary v. District of Columbia*, 351 F.3d 519, 525 (D.C. Cir. 2003) (whether causal connection existed where one month separated adverse action and the filing of plaintiff's appeal for employment discrimination was question for finder of fact).[5]

---

[5] Portions of Plaintiff's Complaint could be read to advance a claim of hostile work environment, but there is nothing in the record to suggest he raised such a claim administratively. *See generally* Compl., Exs., ECF No. 1-4 at 20–26 (EEO counselor report), 27–30 (EEO acknowledgment letter); 75–78 (EEO letter announcing investigation); ECF No. 1-5 at 1–15 (EEO report of investigation). Therefore, the court does not consider a hostile work environment claim.

III.

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted as to all claims.  A separate final order accompanies this Memorandum Opinion.

Dated:  February 5, 2019

Amit P. Mehta
United States District Judge